**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A Graven, | No. CV-21-01391-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss (doc. 14), filed September 2, 2021. Defendants seek dismissal of the Complaint (doc. 1) on several grounds, including sovereign immunity, res judicata, expiration of the statute of limitations, and failure to state a claim. Plaintiff filed a Response in Opposition on September 3, 2021 (doc. 16). Defendants filed a Reply (doc. 20) on September 10, 2021.[1]

Both parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. 10, 18). Because the Complaint is barred by sovereign immunity and foreclosed by res judicata, the Court grants the Motion and dismisses the case with prejudice.[2]

---

[1] After the Reply was filed, Plaintiff filed a Notice of Supplemental Authorities (doc. 21). Because it raises additional arguments and legal authorities, it is akin to filing a sur-reply. Parties are not permitted to file sur-replies as a matter of course. *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133-34 (E.D. Cal. 2016). Once a reply is filed, briefing of a motion is concluded unless the Court grants a party leave to submit an additional filing. The Court did not do so here. Accordingly, the Court does not consider the Supplemental Authorities filing.

[2] Separately, Plaintiff filed a motion (doc. 22) for a hearing "that my voice and truths might be heard over [Defendants'] lies." (*Id*. at 1). Plaintiff has had ample opportunity in

## I.     Background.

This case is the latest in a long-running legal dispute between Plaintiff and Defendants. Although the pleadings are not a model of clarity, the Court summarizes the underlying dispute and procedural history from the Complaint and Motion to Dismiss.

### A.     2016 Federal Court Action.

On April 26, 2016, Plaintiff filed an action in this Court suing the Defendants that are also sued in the instant case. (Doc. 1 at 6). Plaintiff's 2016 federal lawsuit was given the case caption 16-CV-01249 and was assigned to Judge G. Murray Snow. In his 2016 Complaint, Plaintiff alleged that the state defendants violated Plaintiff's rights by failing to indict Snell & Wilmer—a law firm in Arizona—for various crimes allegedly committed against him by Snell & Wilmer attorneys.[3] (Doc. 1, 16-CV-01249 at 4).

According to Plaintiff in the 2016 Complaint, Plaintiff "suffered a catastrophic business failure" due to the criminal activities of several corporate officers in Plaintiff's company, who were indicted by the state for a variety of crimes. (*Id.* at 5-6). Plaintiff alleged that, although staff attorneys in the Arizona Attorney General's Office indicted Plaintiff's in-house counsel, they were instructed by senior staff in the Attorney General's Office to not prosecute Snell & Wilmer. (*Id.* at 8). Plaintiff alleged his Fifth

---

his filings to advance his claims against Defendants and state why he believes Defendants have acted fraudulently. (*See, e.g.* doc. 16 at 2, 7). The Court concludes a hearing is not necessary to resolve Defendants' Motion to Dismiss and denies Plaintiff's motion. *See* LRCiv 7.2(f).

[3] The Arizona Court of Appeals described the scope of the relationship between Plaintiff and Snell & Wilmer in affirming the dismissal of an earlier lawsuit filed by Plaintiff:

> According to the complaint, Graven was the 90.1 percent owner of Arizona Building Systems, Inc. (ABS). In July 2005, ABS engaged Snell to file suit against E–Crete, Inc., with defendant James Sienicki providing initial representation. Thereafter, other Snell attorneys, including defendants Mike Donahey and Mark Ohre, represented other entities in which Graven held an interest. Snell also represented Graven with respect to such "personal/non corporate matters" as his pre-nuptial agreement and trust and estate planning. When writing to Snell concerning his personal legal representation, Graven copied Daniel Esposito, general counsel for ABS and North American Building and Development.

*Graven v. Sienicki*, No. 1 CA-CV 13-0253, 2014 WL 648208 at *1 (Ariz. Ct. App. Feb. 18, 2014).

and Fourteenth Amendment rights were violated by the Attorney General's Office by failing to indict Snell & Wilmer, and Plaintiff sought damages in excess of $1,900,000,000.00. (*Id*. at 19-20).

On September 22, 2016, the Court dismissed Plaintiff's complaint. *Graven v. Arizona*, No. CV-16-01249-PHX-GMS, 2016 WL 5251454 (D. Ariz. Sept. 22, 2016) ("*Graven I*"). The Court concluded that Plaintiff's claims against the Attorney General's Office were barred by the Eleventh Amendment, because compensatory damages are unavailable for suits against state officials acting in their official capacity. *Id*. at *2, citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Court concluded that "Plaintiff's complaint also fails to state a claim that is plausible on its face," and that the complaint "does not cite to any legal authority that suggests he has a federal right to have third parties criminally prosecuted by state officials." *Graven I*, 2016 WL 5451454 at *2. The Court further noted that such a right likely does not exist, because "[i]t is axiomatic that criminal prosecutors may claim absolute immunity from damages liability for actions intimately associated with the judicial phase of the criminal process, such as the prosecutor's' initiation of a prosecution and presentation of the state's case." *Id*., citing *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (internal quotations omitted). Therefore, Plaintiff had no claim against any member of the Arizona Attorney General's Office.

**B.     2018 State Court Action.**

On May 23, 2018, Plaintiff again sued Attorney General Brnovich in connection with the decision not to charge Snell & Wilmer, though this time he filed sued in Maricopa County Superior Court and added both the State of Arizona and Governor Doug Ducey as defendants to the lawsuit. (Doc. 14-1, Ex. 1 at 2). The state court suit effectively restated the claims Plaintiff made in the 2016 federal case, and in fact noted in his suit that he had "filed a complaint [in] US District Court." (*Id*. at 20). Plaintiff sought in excess of $638,000,000.00 in damages. (*Id*. at 19).

//

On August 19, 2019, the superior court dismissed Plaintiff's case. (Doc. 1-1, Ex. 13 at 38). The superior court concluded that "[n]o legal authority has been cited that would allow plaintiff to pursue his complaint against the State and its official for the failure to criminally prosecute third persons whom he believes should have faced prosecution." (*Id*. at 39). Additionally, the superior court concluded that Plaintiff's claims, even had they been legally valid, were barred by a one-year statute of limitations. (*Id*).

### C.     2019 Federal Court Action.

On June 28, 2019, Plaintiff filed a second lawsuit in federal court, naming only the State of Arizona as a defendant. The case was given the case caption 19-CV-04586 and assigned to Judge Steven P. Logan. The 2019 complaint again alleged that Snell & Wilmer should have been criminally charged in connection with their work for Plaintiff's company, and that the state violated Plaintiff's rights by refusing to indict the firm. (Doc. 1, 19-CV-04586 at 16). Plaintiff sought damages in excess of $638,000,000.00. (*Id*).

On January 13, 2020, the court dismissed Plaintiff's complaint. *Graven v. Arizona*, No. CV-19-04586-PHX-SPL, 2020 WL 134861 (D. Ariz. Jan 13, 2020) ("*Graven II*"). The court concluded that, because Plaintiff brought a claim for money damages against the state itself, sovereign immunity and the Eleventh Amendment immunized the state from suit. *Id*. at *2. The Court in *Graven II* declined to address the remaining arguments in the motion to dismiss.

Plaintiff appealed the dismissal to the United States Court of Appeals for the Ninth Circuit, which affirmed the judgment on Eleventh Amendment grounds. *Graven v. Arizona*, 831 F. App'x. 342 (9th Cir. Dec. 16, 2020). The Supreme Court denied certiorari on June 14, 2021. *Graven v. Arizona*, --- S. Ct. ----, 2021 WL 2405219 (U.S. June 14, 2021).

### D.     2021 Federal Court Action.

On August 11, 2021, Plaintiff filed this action. (Doc. 1). Naming Defendant Brnovich and several John/Jane Does, Plaintiff essentially alleges two claims. First,

Plaintiff alleges that Defendants have engaged in an unlawful scheme to prevent Plaintiff from serving process on several of Attorney General Brnovich's assistants. Plaintiff claims that for more than five years, Plaintiff has been thwarted in his attempts to serve process on the Attorney General and his assistants. (*Id*. at 2-3).

Plaintiff contends that the Attorney General refuses to accept service of process at the office and conceals his assistants' home addresses so as to prevent Plaintiff from serving process at their houses. (*Id*. at 4). Plaintiff states that Defendants have violated his Fifth and Fourteenth Amendment rights by causing Plaintiff to "waste[] 5 years plus trying to work around Defendant[] Brnovich's clever scheme to prevent Service of his Officers." (*Id*. at 5).

Having described what Plaintiff alleges is an illegal scheme to prevent service of process, the Complaint next describes Plaintiff's efforts to obtain evidence surrounding Defendants' decision to not charge Snell & Wilmer attorneys with crimes relating to Plaintiff's business. (*Id*. at 6). The documents attached to the Complaint purportedly "include[] countless violations of Due Process and [42 U.S.C. § 1983] by Defendant[] Brnovich." (*Id*. at 8). The documents in question are all related to the investigation of Snell & Wilmer and the ultimate decision not to prosecute the law firm. (*Id*. at 8-10). Plaintiff alleges the failure to charge Snell & Wilmer violated Plaintiff's Fifth and Fourteenth Amendment rights and requests the Court award Plaintiff in excess of $628,000,000.00 in compensatory damages. (*Id*. at 11-12).

**II.    Motion to Dismiss.**

On September 2, 2021, Defendants filed a Motion to Dismiss. (Doc. 14). Defendants first argue that, as Plaintiff seeks only compensatory damages, the Eleventh Amendment prohibits this Court from hearing Plaintiff suit, which is in essence a suit against the State of Arizona. (*Id*. at 5-6). Defendants next argue that Plaintiff cannot bring suit for a freestanding constitutional violation, and that even if Plaintiff is proceeding under Section 1983, the statute of limitations has run on Plaintiff's claims. (*Id*. at 6-7).

Additionally, Defendants argue that, as Plaintiff either did argue or had the

opportunity to argue his claims in a previous lawsuit, res judicata requires the Court to dismiss the Complaint here. (*Id*. at 7-9). Further, Defendants argue that Plaintiff fails to state a legally valid cause of action, because there is no authority for the proposition that a person can sue the state for failing to charge another party with a crime. (*Id*. at 9). Finally, Defendants argue that Plaintiff lacks Article III standing to bring this suit, because Plaintiff cannot demonstrate any "injury in fact" from the alleged failure to accept service of a legally deficient complaint. (*Id*. at 10, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### III.   Legal Standard.

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Neither do mere assertions devoid of any factual enhancement. *Id*. A court does not have to accept as true legal conclusions unsupported by factual allegations. *Id*.

Pro se filings are construed liberally in the Ninth Circuit. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "irrespective of a litigant's status as pro se, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances." Fed. R. Civ. P. 10(a). "Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought." *Sherrill v. Holder*, 2012 WL 12539980, at *2 (D. Ariz. Dec. 14, 2012). "Enforcement of this rule

is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims." *Id*.

### IV. Analysis.

#### A. Sovereign Immunity.

Plaintiff's Complaint is barred by sovereign immunity. As Plaintiff has already been informed in both of his past appearances before this Court, a suit against a state employee acting in their official capacity is considered a suit against the state itself. *Will*, 491 U.S. at 71. As such, the state retains sovereign immunity from compensatory damages in an official capacity suit. *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.") Plaintiff once again seeks "actual damages, punitive damages, damages to his person, [and] compensatory damages,"—this time in excess of $628,000,000.00—from defendants that were all acting in their official capacities as state employees. (Doc. 1 at 12). Plaintiff does not seek injunctive relief or assert that the state has waived its sovereign immunity as to compensatory damages. The Eleventh Amendment bars Plaintiff's Complaint.

Plaintiff argues in the Response that *Will* does not bar suit against these Defendants because *Ex Parte Young*, 209 U.S. 123 (1908) permits individuals to sue state actors. (Doc. 16 at 2). However, *Ex Parte Young* only authorizes suits against state actors for prospective injunctive relief; it does not waive the state's sovereign immunity from suit for compensatory damages, which is what Plaintiff alleges here.

#### B. Res Judicata.

Plaintiff's Complaint is also barred by res judicata. Under res judicata, a party is barred from re-asserting the same claims that were or could have been adjudicated in an earlier action between the parties. *In re Nat'l Collegiate Ath. Assoc. Ath. Grant-in-Aid Cap Antitrust Litigation*, 958 F.3d 1239, 1255 (9th Cir. 2020) ("Res judicata, also known as "claim preclusion," bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in [a] prior action.") (internal quotations omitted).

Although somewhat unclear, the Court understands Plaintiff's Complaint to allege that Defendant Brnovich and the unnamed Defendants violated Plaintiff's rights by engaging in an illegal scheme to thwart service of process in Plaintiff's 2016 and 2019 federal cases on various assistants in the Attorney General's Office. (Doc. 1 at 6-7). Plaintiff also appears to once again allege that his due process rights were violated by Defendant Brnovich's refusal to indict Snell & Wilmer. (*Id*. at 7-10).

Both claims are barred by res judicata. Plaintiff concedes in his Response that "I explained to Judge Logan […] that Defendant[] Brnovich did not allow me to Serve his 6 AGO Officials/cabal at the AGO." (Doc. 16 at 10). Accordingly, Plaintiff admits that he raised the issue of Defendants' purported illegal efforts to thwart service of process in an earlier case that was resolved against Plaintiff. Res judicata bars this claim.

Plaintiff's other claim is also barred by res judicata. This Court has twice rejected Plaintiff's claim that he is entitled to damages for Defendants' failure to indict Snell & Wilmer in connection with alleged criminal acts involving Plaintiff's company. *See Graven I*, 2016 WL 5451454 at *2; *Graven II*, 2020 WL 134861 at *2. Plaintiff's claims have also been rejected in state court. Doc. 1-1, Ex. 13 at 39).[4] Plaintiff acknowledges that he has previously filed suits in this Court on this precise claim. (Doc. 1 at 5) ("Every time I found another important document or two, I would file [a] new Complaint.") Res judicata applies to bar Plaintiff's claim here.

//

//

---

[4] A federal court is required to give preclusive effect to a state court judgment on federal claims when those claims are relitigated in federal court, and where the law of the state would prohibit the party from filing another action in state court to relitigate those claims. *MHC Financing Ltd. Partnership v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013).

In Arizona, a party may not re-litigate the same claim after entry of "a final, valid judgment is entered after adjudication" and there is "identity or privity between parties in the two suits." *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 467 P.3d 257, 261 (Ariz. Ct. App. 2020). In this case, because Plaintiff sued the State of Arizona in state court and is suing Defendants in this Court for acts committed in their official capacities as state officers, there is sufficient privity between the parties. Arizona res judicata would bar re-litigation of Plaintiff claims in state court, and so the state court judgment against Plaintiff applies in this Court.

### IV. Conclusion.

Plaintiff's claims are foreclosed by the Eleventh Amendment and precluded by res judicata. Therefore, the Complaint must be dismissed.

The general rule is that a plaintiff whose complaint is dismissed for failure to state a claim should be afforded the opportunity to amend the complaint unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000). In this case, the pleading of additional facts could not cure the defects in the Complaint identified in this Order, because the deficiencies are legal deficiencies that cannot be addressed by additional facts. Accordingly, Defendants' Motion to Dismiss is granted, and this action is dismissed with prejudice as to all defendants.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Hearing (doc. 22) is **denied**.

(2) Defendants' Motion to Dismiss (doc. 14) is **granted**.

(3) The Complaint (doc. 1) is **dismissed with prejudice**.

(4) The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 17th day of September, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge